UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLEN WEGENER,

     Plaintiff,

                                  Case No. 1:25-cv-0365

v.

                                  HON. ROBERT J. JONKER

DEPARTMENT OF THE NAVY,

     Defendant.

_____/

## ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Kent's Report and Recommendation (ECF No. 38), Plaintiff's Objections to the Report and Recommendation (ECF No. 40), and Defendant's Response to Plaintiff's Objections (ECF No. 43).  Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified."  12 WRIGHT & MILLER'S FEDERAL PRACTICE AND PROCEDURE § 3070.2 (3d ed. 2025).  Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3).  De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge.  *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).  The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the

Report and Recommendation itself; and Plaintiff's objections.  After its review, the Court finds the Report and Recommendation is factually sound and legally correct.

The Magistrate Judge recommends granting Defendant's Motion to Dismiss (ECF No. 8) and denying Plaintiff's Motion for Summary Judgment (ECF No. 13).  The Magistrate Judge also recommends dismissing this action.  In the objections, Plaintiff primarily reiterates and expands upon arguments presented in the original complaint.  Plaintiff's objections fail to deal in a meaningful way with the Magistrate Judge's analysis.  The Magistrate Judge carefully and thoroughly considered the record, the parties' arguments, and the governing law.  The Magistrate Judge properly analyzed Plaintiff's claims.  Nothing in Plaintiff's Objections changes the fundamental analysis.

The Court will adopt the recommendations of the Magistrate Judge.  Additionally, the Court will deny the Motion to Stay Proceedings (ECF No. 39) that the plaintiff filed after the Magistrate Judge issued his Report and Recommendation.  Plaintiff requested the stay so that he could conduct additional research and rectify his financial situation prior to moving forward with the case.  (*Id.* at PageID.154).  However, regardless of what Plaintiff might accomplish in terms of improving his financial situation or conducting additional research, granting a stay would be futile.  As the Magistrate Judge explained in his Report and Recommendation, this Court lacks subject matter jurisdiction over Plaintiff's claims, and Plaintiff has done nothing to refute that conclusion.  Therefore, the claims must be dismissed.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 38) is **APPROVED AND ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motions for Summary Judgment (ECF No. 13 and ECF No. 46)[1] are **DENIED**, that Defendant's Motion to Dismiss (ECF No. 8) is **GRANTED**, and that this case is **DISMISSED**.

A separate Judgment shall issue.

Dated: <u>February 20, 2026</u>                    <u> /s/ Robert J. Jonker </u>
                                                                    ROBERT J. JONKER
                                                                    UNITED STATES DISTRICT JUDGE

---

[1]    On February 11, 2026, Plaintiff filed a handwritten document titled "Motion for Summary Judgment."  (ECF No. 46).  The document fails to address any of the Magistrate Judge's assertions regarding the Court's lack of subject matter jurisdiction over Plaintiff's claims.  Therefore, it does nothing to change the Court's conclusion that the case should be dismissed for lack of subject matter jurisdiction.